IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD GABLE STEVENS, | No. C 05-1516 MMC |
| Petitioner, | **ORDER TO SHOW CAUSE** |
| v. | |
| THOMAS L. CAREY, | |
| Respondent / | |

Before the Court is Richard Gable Stevens's petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254.

### BACKGROUND

"A jury convicted [petitioner] of assault with a firearm, three counts of kidnapping, three counts of second degree robbery, three counts of false imprisonment, three counts of making a terrorist threat, and willful discharge of a firearm with gross negligence." People v. Stevens, 2003 WL 22333335, *1 (Oct. 10, 2003). "The jury further found that in committing one or more of these offenses, defendant personally and intentionally discharged or simply used a firearm." Id. "The court sentenced defendant to a total of 50 years and four months." Id.

On direct appeal, the California Court of Appeal "modif[ied] the judgment by striking the convictions for kidnapping . . . and the sentences imposed on those counts as well as

the enhancements . . . alleged in connection with the kidnapping counts," and, in all other respects, affirmed the judgment. See id. at *18.  The California Supreme Court thereafter denied petitioner's petition for review.  (See Pet. ¶ 8.)  On February 9, 2004, according to petitioner, his sentence was "modified on appeal" to 42 years, 4 months.  (See Pet. ¶ 1(c).)

Petitioner alleges that each claim included in his federal petition has been presented to the California Supreme Court.  (See Pet. ¶ 8(b).)

## DISCUSSION

### A. Legal Standard

A district court may entertain a petition for a writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."  See 28 U.S.C. § 2254(a).  A district court shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto."  See 28 U.S.C. § 2243.  Summary dismissal is appropriate only where the allegations in the petition are "vague or conclusory," "palpably incredible," or "patently frivolous or false."  See Hendricks v. Vasquez, 908 F. 2d 490, 491 (9th Cir. 1990) (quoting Blackledge v. Allison, 431 U.S. 63, 75-76 (1977)).

### B. Petitioner's Claims

Petitioner alleges that he was deprived of due process, and is therefore entitled to relief, for the following reasons:  (1) the trial court failed to instruct the jury on an element of the crime of robbery, specifically, that the "act of force or intimidation by which the taking is accomplished in robbery [was] motivated by the intent to steal," (see Pet., Attachment 1 at 6); (2) the trial court erroneously instructed the jury, with respect to the special allegations that petitioner personally used and discharged a firearm, that such allegations "were matters that only had a general intent," (see Pet., Attachment 2 at 2); (3) the trial court failed to instruct the jury on an element of the crime of assault with a firearm, specifically, that petitioner had "actual knowledge of facts sufficient to establish that the act by its nature

1  would probably and directly result in the application of physical force against another," (see
2  Pet., Attachment 3 at 1); (4) the trial court failed to instruct the jury, with respect to the
3  crime of discharge of a firearm with gross negligence, as to the meaning of "gross
4  negligence" and failed to advise the jury whether such offense is a general intent or specific
5  intent offense, (see Pet., Attachment 4 at 1); (5) insufficient evidence existed to support the
6  conviction for discharge of a firearm with gross negligence because "there was no
7  substantial evidence that the actual discharging of the firearm done by petitioner . . . could
8  have resulted in injury or death to a person," (see Pet., Attachment 5 at 1); and (6) the trial
9  court failed to instruct the jury on an essential element of the crime of false imprisonment,
10 specifically, that "the act of violence, menace, fraud or deceit by which the false
11 imprisonment is effected [was] motivated by an intent unlawfully to violate the personal
12 liberty of another, (see Pet., Attachment 6 at 1).
13        The Court cannot find, from the face of the petition, that the claims presented by
14 petitioner are vague, conclusory, palpably incredible, or patently frivolous or false.
15 Accordingly, summary dismissal is not proper and respondent is directed to show cause
16 why the petition should not be granted.

### CONCLUSION

18    In light of the foregoing, the Court orders as follows:
19    1. The Clerk of the Court shall serve by certified mail a copy of this order, the
20 petition and its attachments upon respondent and respondent's attorney, the Attorney
21 General for the State of California.
22    2. Respondent shall file, within 60 days of the date of this order, a motion to dismiss
23 or an answer showing cause why a writ of habeas corpus should not issue on the basis of
24 petitioner's claims.  If respondent files an answer, respondent shall file therewith a copy of
25 all portions of the state record relevant to a determination of the issues presented by the
26 petition.
27 //
28 //

1      3. If respondent files an answer to the petition, petitioner may file a traverse within 30 days of the date of the service of the answer.

**IT IS SO ORDERED.**

Dated: April 18, 2005                 /s/ Maxine M. Chesney
                                                               MAXINE M. CHESNEY
                                                               United States District Judge