IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD GABLE STEVENS,<br><br>　　　　Petitioner,<br><br>　v.<br><br>THOMAS L. CAREY, Warden,<br><br>　　　　Respondent | No. C-05-1516 MMC<br><br>**ORDER DENYING PETITIONER'S REQUEST FOR CERTIFICATE OF APPEALABILITY** |

　　　On January 6, 2006, the Court denied petitioner Richard Gable Stevens's petition for a writ of habeas corpus and, on January 9, 2006, the Clerk of the Court entered judgment on the Court's order.  Now before the Court is petitioner's Request for a Certificate of Appealability, filed February 3, 2006.  Having considered petitioner's request, and the file in this matter, the Court rules as follows.

　　　A district court shall grant a certificate of appealability ("COA") "only if the applicant has made a substantial showing of the denial of a constitutional right."  See 28 U.S.C. § 2253(c)(2).  A petitioner is entitled to a COA if he "demonstrate[s] that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."  See Miller-El v. Cockrell, 537 U.S. 322, 338 (2003) (internal quotation and citation omitted).

　　　Petitioner argues that the California Court of Appeal's decision affirming petitioner's conviction was contrary to, or involved an unreasonable application of, clearly established

1  federal law, pursuant to 28 U.S.C. § 2254(d).  Petitioner requests that the Court grant a
2  certificate of appealability on the issues of whether the California Court of Appeal erred,
3  within the meaning of § 2254(d), when it held that (1) the trial court did not fail to instruct
4  the jury on all elements of the crime of robbery or, in the alternative, that any deficiency in
5  the instructions was harmless; (2) any instructional ambiguity with respect to the crime of
6  assault with a firearm was harmless; (3) instructional deficiencies with respect to the crime
7  of grossly negligent discharge of a firearm were harmless; and (4) sufficient evidence
8  supported the conviction for grossly negligent discharge of a firearm.

9  With respect to the first issue set forth above, the Court of Appeal found harmless
10 the trial court's failure to expressly instruct the jury that the force and fear used by petitioner
11 to take the victims' property was motivated by an intent to steal.  In so finding, the Court of
12 Appeal reasoned that the jury, in effect, was instructed that, to convict, it had to find both
13 that petitioner took property by force or fear and that petitioner had an intent to steal at the
14 time he took the property.  The Court of Appeal also cited undisputed evidence that
15 petitioner used force and/or fear to take property from the victims, and, consequently, that
16 any error in the form of the instruction was harmless.  No reasonable jurist could find the
17 Court of Appeal, in so ruling, unreasonably applied Chapman v. California, 386 U.S. 18
18 (1967).

19 With respect to the second issue set forth above, the Court of Appeal found
20 harmless the trial court's failure to expressly instruct the jury that the crime of assault with a
21 firearm required evidence that petitioner knew of facts that would have put a reasonable
22 person on notice that his conduct would naturally and probably result in a battery.  In so
23 finding, the Court of Appeal cited undisputed evidence that petitioner, while standing within
24 close range of the victim, fired two bullets from a semi-automatic rifle at the level of the
25 victim's head, one of which bullets missed the victim's head by only 14 inches.  Observing
26 that petitioner aimed and shot the semi-automatic rifle from his chest, that petitioner knew
27 he was firing in the victim's direction, and that the victim could well have been shot and
28 killed if she made any sudden movement, the Court of Appeal held that no reasonable jury

could have found petitioner lacked the requisite knowledge of the relevant facts. No reasonable jurist could find the Court of Appeal, in so ruling, unreasonably applied Chapman. Indeed, it is well-established under California law that "[t]he mere pointing of a gun at a victim constitutes an assault with a deadly weapon, whether or not it is fired at all." See People v. Laya, 123 Cal. App. 2d 7, 16 (1954); see also People v. Raviart, 93 Cal. App. 4th 258, 263-64 (2001) (noting "assault with a deadly weapon can be committed by pointing a gun at another person"). Essentially, under California law, one commits an assault by requiring another to avoid being shot only by complying with one's demands.

      With respect to the third issue set forth above, the Court of Appeal found harmless the trial court's failure to define "gross negligence" as a negligent act that could injure or kill another under circumstances showing disregard or indifference to such consequence. In so finding, the Court of Appeal reasoned that the jury was instructed that, to convict, it had to find petitioner discharged the rifle in a manner that could have resulted in injury or death to the victim, and observed that discharging a loaded firearm in the vicinity of another person is an act with the potential for imminent deadly consequences. Further, the Court of Appeal found harmless, in light of petitioner's having admitted he willfully fired the rifle, any error in the trial court's failure to reference the crime of grossly negligent discharge of a firearm in the instruction requiring a concurrence of act and general intent. No reasonable jurist could find the Court of Appeal, in so ruling, unreasonably applied Chapman.

      Finally, with respect to the fourth issue set forth above, the Court of Appeal found substantial evidence supported the jury's finding that petitioner's firing of the rifle could have resulted in injury or death. Put another way, the Court of Appeal rejected petitioner's argument that, given his testimony he did not intend to hit the victim with a bullet and the undisputed evidence the bullets in fact missed the victim, that no reasonable juror could have found his firing of the rifle could have resulted in injury or death. No reasonable jurist could find the Court of Appeal, in so ruling, unreasonably applied Jackson v. Virginia, 443 U.S. 307 (1979). Petitioner discharged the rifle under highly emotional and tense circumstances. The likelihood that petitioner's aim could have been off or that the victim

3

1  would not remain completely motionless was not so minimal that no reasonable juror could
2  have found petitioner's firing of the rifle could have resulted in injury of death.
3      Accordingly, the request for a certificate of appealability is DENIED.
4      The Clerk shall forward this order, along with the case file, to the United States Court
5  of Appeals for the Ninth Circuit, from which petitioner may also request issuance of a COA.
6  See Fed. R. App. Proc. 22 (b)(1).
7      **IT IS SO ORDERED.**

9  Dated: March 15, 2006

                        MAXINE M. CHESNEY
                        United States District Judge